# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY PAUL PAYMENT,**

        Plaintiff,

                                            **Case No. 12-C-663**

    -vs-

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social Security Administration,**

        Defendant.

## DECISION AND ORDER

Jeffrey Paul Payment appeals the denial of his claim for social security disability benefits. After a series of hearings, the Administrative Law Judge found that Payment suffers from a lumbar spine disorder and a major depressive disorder. However, the ALJ found that Payment had the residual functional capacity to perform sedentary work except he must be allowed to sit or stand alternatively at will, provided that he is not off task more than 10% of the workday; with further limitations to work involving only simple, routine, and repetitive tasks in a low stress job (defined as one involving only occasional decision-making and occasional changes in work setting), with only occasional interaction with co-workers.

---

[1] On February 14, 2013, Carolyn Colvin became Acting Commissioner of Social Security. Pursuant to the Social Security Act and the Federal Rules of Civil Procedure, Carolyn Colvin is automatically substituted as Defendant-Appellee in this suit. 42 U.S.C. §405(g); FED. R. CIV. P. 25(d).

On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). The Court views the record as a whole but does not reweigh the evidence or substitute its judgment for that of the ALJ. *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000). The ALJ is not required to address every piece of evidence or testimony presented, but must provide a "logical bridge" between the evidence and his conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

In January 2006, Payment underwent a three-level posterior interbody fusion surgery to address his ongoing back pain. In October of 2006, Payment's treating physician, Dr. Arvind Ahuja, assessed no limitations on Payment's ability to sit, stand, or walk and specifically recommended that Payment could return to work full-time. The ALJ gave this opinion "significant weight." R. 15. However, Dr. Ahuja's opinion changed over time. Dr. Ahuja ordered a functional capacity evaluation (FCE), which was administered and evaluated by Keith Hatch, a Board Certified Orthopedic Clinical Specialist. The FCE concluded that Payment was "unable to support the occasional standing, walking, nor the weight and duration of lifting required for regular full-time 'sedentary work.'" R. 15. Dr. Ahuja adopted Hatch's FCE, but the ALJ rejected it. "[D]espite the adoption of Mr. Hatch's limitations by the claimant's treating physicians, the undersigned notes that the assessment completed

personally by one such physician [i.e., Dr. Ahuja] is far less restrictive than that completed by Mr. Hatch, who is not an acceptable source under Administration regulations. Therefore, the undersigned finds that the assessment completed personally by Dr. Ahuja is worthy of more weight." R. 16.

The opinion of a treating doctor, such as Dr. Ahuja, is entitled to controlling weight if it is "well-supported" and "not inconsistent with the other substantial evidence in the record." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) (citing 20 C.F.R. § 404.1527(d)(2)). An ALJ must offer "good reasons" for discounting the opinion of a treating physician. *Id.* (citing *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011)). Essentially, the ALJ refused to credit Dr. Ahuja's later opinions because they conflicted with his earlier opinion. This is a confusing rationale. A doctor's opinion is subject to change over time. "Even though a claimant's condition may worsen, a medical expert is obligated to point to objective medical evidence to explain the worsening prognosis." *Denton v. Astrue*, 596 F.3d 419, 424 (7th Cir. 2010). Dr. Ahuja's treatment notes, culminating in his decision to order and then adopt an FCE, constitutes objective evidence that explains the worsening prognosis. Since the ALJ did not offer "good reasons" for rejecting the opinions of Payment's treating physicians (including those of Dr. Ahuja), the ALJ's decision is not supported by substantial evidence.

For this and all the other reasons articulated in Payment's submissions to the district court, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). On

remand, this matter should be assigned to a different ALJ to make new findings and render a new decision in light of the evidence already in the record as well as any additional evidence the parties may present.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge